**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry Ray CAMPBELL,**
**Defendant–Appellant.**

**No. 88–4766**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 10, 1989.

Skipper M. Drost, Sulphur, La. (Court-appointed), for defendant-appellant.

William J. Flanagan, Asst. U.S. Atty., Shreveport, La., Joseph S. Cage, Jr., and Lawrence W. Moon, Jr., U.S. Attys., Lafayette, La., for plaintiff-appellee.

Before KING, JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

Terry Ray Campbell appeals from his sentence imposed under the new sentencing guidelines. We find that his sentence was unreasonable, and remand for resentencing.

## I.

A bill of information charged Campbell with one count of violating 18 U.S.C. §§ 371 and 2, for conspiracy to commit mail

fraud, and one count of violating 18 U.S.C. §§ 1341 and 2, for the substantive offense. The bill alleged that Campbell owned and operated the American International Jewelry Corporation, and through newspaper advertisements and telephone contacts, he and his employees had recruited people to become manufacturing representatives for the company. Campbell promised each recruit that for $3,576 he or she would receive a "start up" sales kit containing some earrings and twenty-four display racks. About 30 unsuspecting persons sent Campbell the money, but not one received a sales kit.

Campbell waived his right to indictment by a grand jury, and pleaded guilty on both counts. In sentencing Campbell, the district court grouped together the two counts against Campbell pursuant to Guideline § 3D1.2. It determined that the appropriate base guideline was Guideline § 2F1.1, "Fraud and Deceit," carrying a base offense level of 6. In consideration of the amount of money involved, $30 \times \$3,576 = \$107,280$, the court adjusted Campbell's offense level up 6 points under § 2F1.1(b)(1)(G). Because the offense involved more than minimal planning and was aimed at more than one victim, the court added 2 more points under § 2F1.1(b)(2). The court then added 2 for Campbell's role as an organizer § 3B1.1(c), and subtracted 2 for Campbell's acceptance of responsibility, § 3E1.1(a). The resulting offense level of 14, when combined with Campbell's Criminal History Category I, resulted in a guideline sentencing range of 15 to 21 months. *See* Sentencing Table, Guidelines at 5.2 (October 1987).

The district court noted that the guidelines recommended a sentence in the 15 to 21 month range, but departed from the guidelines "due to the magnitude of this offense directed at numerous unsuspecting victims, [reflecting] aggravating circumstances not adequately taken into consideration by the Guidelines." The court sentenced Campbell to the statutory maximum of sixty months of imprisonment on each of the two counts, to run concurrently, as well as 24 months of supervised release, restitution in the amount of $80,000, and the costs

of his incarceration and supervision on supervised release. Campbell filed a timely appeal.

## II.

■ This court will affirm a departure from the sentencing guidelines if the district court provides acceptable reasons for the departure, and the extent of the departure is reasonable. 18 U.S.C. § 3742(e); *United States v. Velasquez–Mercado*, 872 F.2d 632, 635 (5th Cir.1989).

■ A district court shall impose sentence within the Guideline range recommended unless it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines ..." 18 U.S.C. § 3553(b). In making this determination, the district court considers only the sentencing guidelines, policy statements and official commentary of the Sentencing Commission. *Id.*

Section 5K2.0 of the guidelines states that:

[T]he court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (e.g., as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.

Guidelines at 5.36 (June 15, 1988).

Adjustments in Campbell's offense level took into consideration the reason for the district court's departure: the magnitude of the offense. The court adjusted that level upward 6 points because of the amount of money involved, over $100,000, and up another 2 points because more than one victim was involved and because the offense required substantial planning.

■ The magnitude of Campbell's offense was not unlike that which is ordinarily involved in a mail fraud conviction. *See, e.g., United States v. Buchanan*, 544 F.2d 1322 (5th Cir.), *cert. denied*, 432 U.S. 907, 97 S.Ct. 2953, 53 L.Ed.2d 1080 (1977) (solici-

tations of franchisees through newspaper advertisements); *United States v. Jackson,* 536 F.2d 628 (5th Cir.1976) (sale of "area managerships" through newspaper advertisements). But the district court imposed on Campbell a sentence three to four times the recommended sentencing range. While the mere fact that a departure sentence exceeds by several times the guideline maximum is of no independent consequence in determining whether the sentence is reasonable, *United States v. Roberson,* 872 F.2d 597, 606 and n. 7 (5th Cir.1989), it may indicate the unreasonableness of the departure viewed against the court's justification for that departure.

In *Roberson,* the district court departed from the Guidelines and imposed a sentence 3½ times the maximum recommended for the defendant's conviction of credit card fraud. This court determined that this departure was reasonable, based on the district court's reason for the extreme departure: the defendant burned the victim's body in a garbage dumpster after the victim died accidentally. This was plainly an occurrence the Sentencing Commission did not take into account when it considered credit card fraud. *Roberson,* 872 F.2d at 602–08. In the instant case, the court departed based on a factor already considered in determining Campbell's offense level. That factor was not present to a degree substantially in excess of that ordinarily involved in a mail fraud conviction.

We are unsatisfied from the reasons advanced by the district court that Campbell's offense warranted such an extreme departure from the recommended guideline sentencing range. Accordingly, we cannot say that the extent of the district court's departure was reasonable. We therefore vacate Campbell's sentence, and remand to the district court for resentencing.

VACATED and REMANDED.