**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bobby Charles SHAW, Defendant–Appellant.**

**No. 89–2388**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 26, 1989.

Peter Doyle, Port Arthur, Tex. (Court–Appointed), for defendant-appellant.

James Jenkins, Jr., Asst. U.S. Atty., Bob Wortham, U.S. Atty., Beaumont, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Bobby Charles Shaw entered a guilty plea to a charge of theft of an interstate shipment of freight, 18 U.S.C. § 659 and was sentenced to imprisonment for 60 months. He appeals his sentence. Finding that the district court departed from the Guidelines without an adequate explanation, we vacate the sentence and remand for resentencing.

## Background

Shaw was a driver for TAT Trucking Company. He was assigned a cargo of Dom Perignon champagne which he was to deliver to New Orleans and Grand Prairie, Texas. He delivered the part of his cargo destined for New Orleans, but instead of delivering the remaining 851 cases valued at $153,180 to Grand Prairie he sold the trailer and its contents in Harlingen, Texas for $1,000. He then proceeded to Burkeville, Texas where he sold the cab for $1,000.

Arrested and indicted for theft of an interstate shipment of freight Shaw "owned up" and assisted the agents of the Federal Bureau of Investigation to recover all but 53 cases of the prime champagne. Following his guilty plea Shaw was sentenced to 60 months imprisonment followed by three years supervised release. The statutory maximum for the offense is imprisonment for ten years and the guideline range as calculated in the presentence investigation (PSI) is 30 to 37 months imprisonment.

## Analysis

Shaw maintains that the district court abused its discretion in departing upward from the Guidelines and denied him due process by failing to provide advance notice of its intentions. We need not address those two arguments because we agree with Shaw's third contention—that the district court based its decision to depart from the Guidelines on impermissible or insufficiently articulated grounds.

At the threshold we note our disagreement with the trial court's statement in its memorandum explaining this sentence that the 60 months "is within the applicable guidelines." We are persuaded that the sentence is not within the Sentencing Guidelines but is, rather, a departure from the Guidelines.

The presentence report reflects a guideline sentence range of 30 to 37 months. We find nothing in the record to indicate that the PSI incorrectly calculated the base offense level at 12. Shaw's criminal history placed him at the highest level, category VI. Correlating these numbers results in the noted sentencing range. The 60–month sentence is thus an upward departure.

A trial court may depart from the Guidelines if it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *United States v. Roberson*, 872 F.2d 597 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). If the court decides to depart, it must state specific reasons explaining its departure in terms of the policies underlying the Guidelines and must impose a sentence that is reasonable in light of its articulated rationale. 18 U.S.C. §§ 3553(c)(2), 3742(e)(3); *United States v. Mejia–Orosco*, 867 F.2d 216, *reh'g denied*, 868 F.2d 807 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989); *United States v. Lopez*, 875 F.2d 1124 (5th Cir. 1989). Moreover, the trial court must determine the Guideline range so as to provide the reviewing court with a benchmark against which to assess the reasonableness of the sentence imposed. *Roberson*. In the case at bar, the district court failed to satisfy these requirements mandating that we vacate the sentence and remand for resentencing.

In its memorandum, the district court attributed its sentencing decision "to the serious nature of this offense." At the sentencing hearing, the court stated:

Now, the Court, in taking all factors into consideration, we feel that this sentence is justified and required because of the nature of the offense; the severity of it, the gravity of it, and because of the past record of the Defendant and his inability to get along in society without violating the law.

I do not know what causes him to do this; but it's obvious from his past record that, in all reasonable probability, when he is released from this offense, he will not be able to avoid violating the law in some way. Because in 1967, the record is undisputed that the Defendant has been incarcerated or on probation or parole all during this period of time. And it's obvious, that such supervision, as the officers have given him, has not changed his way of life or has assisted him in coping with society and living in society, in civilized conditions, without violating the law.

In sum, the district court based its sentence on the severity of the offense and Shaw's propensity for recidivism as reflected by his past criminal conduct. However, in neither instance does the court explain why the Guidelines fail adequately to address these matters. Therein lies the error.

On remand, the district court may justify its departure by identifying factors related to the nature of Shaw's offense which were not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553(b). These factors may include those that are not identified in the Guidelines or those that are identified but, based on the particular facts of the case, are not adequately considered in the Guideline adjustments. Guideline §§ 5K2.0, 4A1.3. Guideline §§ 5K2.1–2.9, 2.14 provide examples of aggravating circumstances that might warrant departure on the basis of offense severity. Guideline § 4A1.3 does the same for departure on the basis of criminal history. In either instance, the court must specify the unusual circumstance and explain why it warrants departure.

The sentence is VACATED and the case is REMANDED for resentencing.