**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clinton MAYARD, Defendant–Appellant.**

No. 89–3395
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1989.

Roma A. Kent, Asst. Federal Public Defender, John T. Mulvehill, Federal Public Defender, New Orleans, La., for defendant-appellant.

Robert J. Boitmann, Peter M. Thomson, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of conspiracy to distribute and distribution of cocaine, Clinton Mayard appeals his sentence, contending that the trial court erred by making an upward adjustment of the offense level for obstruction of justice and declining to reduce it for his acceptance of responsibility for his conduct. Finding no error, we affirm.

*Background*

Mayard was involved in the purchase of one ounce of cocaine and in the simultaneous planning of another transaction in a shopping mall parking lot in Gretna, Louisiana. Unfortunately for Mayard his "business" associates turned out to be undercover special agent Ronnie Ebright of the Drug Enforcement Administration and a confidential informant who was "wired" for sound. Agent Ebright was conducting an ongoing investigation of the cocaine trafficking activities of Ashton Joe O'Brien. Mayard drove a truck for O'Brien's marine supply business and had been tagged by two reliable informants as a cocaine deliveryman for O'Brien.

Mayard was indicted on one count of conspiracy to distribute cocaine and one count of distribution, 21 U.S.C. §§ 846 and 841(a)(1), respectively. He first pleaded not guilty but, at a rearraignment, changed his plea to guilty. There was no plea agreement. During his Fed.R.Crim.P. 11 guilty plea allocution Mayard disputed the government's contention that he had implicated O'Brien during the parking lot transaction. In his testimony pursuant to a subpoena at O'Brien's trial Mayard again denied cocaine-related involvement with O'Brien. The court ordered a presentence investigation (PSI) of Mayard. The probation officer recommended an upward adjustment in the offense level for obstruction of justice and the refusal of a downward adjustment for acceptance of responsibility. During his sessions with the probation officer Mayard denied O'Brien's involvement.

Mayard challenged the factual basis of the PSI. The trial court conducted a hear-

ing at which agent Ebright testified and the tape recording of the parking lot conversation was played. Mayard maintains that the tape was garbled and that in referring to "Joe" he was simply "going with the flow" of the conversation. He insists that his relationship with O'Brien was strictly legitimate. He further contends that by pleading guilty he had accepted responsibility for his crimes entitling him to a reduction in the Sentencing Guidelines offense level.

After listening to the tape and hearing the testimony of agent Ebright the trial court credited the agent's testimony and concluded that the finding was "inescapable that [Mayard was] not telling the truth, that he did indeed obstruct justice" and that he had failed to accept responsibility for his actions. The court increased the offense level by two for obstruction of justice and declined to reduce for acceptance of responsibility. The court then sentenced Mayard in accordance with the Sentencing Guidelines to a fine, 27 months imprisonment, and three years supervised release on each count, ordering that the two sentences run concurrently. Mayard timely appealed.

### Analysis

Mayard contends that the trial court erred in increasing his offense level by two for obstruction of justice for refusing to implicate Joe O'Brien, and further contends that the court should have adjusted his offense level down to 12 which, in category I, would have mandated a sentencing range of 10–16 months. Our review of the record is guided by the congressional mandate that we "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and ... accept the findings of fact of the district court unless they are clearly erroneous...." 18 U.S.C. § 3742(e); *United States v. Tellez*, 882 F.2d 141 (5th Cir.1989).

▮ In the case at bar the trial judge expressly concluded that, even absent the tape, he would credit the testimony of agent Ebright that Mayard had repeatedly mentioned Joe O'Brien as his cocaine supplier during their conversation. Based on this credibility determination the trial judge

found that Mayard had accounted falsely to the probation officer and had testified falsely as to the nature of his relationship with O'Brien, thus warranting an upward adjustment of the offense level for obstruction of justice. *See* Guideline § 3C1.1.

Finding "sufficient evidence in the record to permit the sentencing judge to conclude that [Mayard] obstructed the administration of justice," *United States v. Franco–Torres*, 869 F.2d 797, 800 (5th Cir.1989), we will not disturb that assessment. Our conclusion is not altered by Application Note 2 to § 3C1.1, which suggests that "suspect testimony and statements should be evaluated in a light most favorable to the defendant." As we noted in *Franco–Torres*, this Note "simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction." 869 F.2d at 801. In Mayard's case, the trial judge's conviction as to the weight of the evidence was firm indeed.

▮ Having affirmed the trial judge's conclusion that Mayard obstructed justice from his rearraignment through his sentencing, it would be inconsistent for us to honor Mayard's second contention that he accepted responsibility for his criminal conduct. The sole evidence that Mayard accepted responsibility is his guilty plea. Guideline § 3E1.1(c) expressly mandates that a guilty plea does not entitle a defendant to a sentencing reduction as a matter of right. Although this plea may "provide some evidence" of the defendant's acceptance of responsibility, Application Note 3 to Guideline § 3E1.1, in light of our conclusions as to the factual basis for the obstruction of justice element, Mayard has not carried his burden of establishing the applicability of this mitigating factor to his offense level. *See United States v. Urrego–Linares*, 879 F.2d 1234 (4th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989).

The sentences are AFFIRMED.