**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sylvano SANCHEZ, Jr.,
Defendant–Appellant.**

No. 89–1356.

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1990.

Michael L. Brandes, Austin, Tex. (court appointed), for defendant-appellant.

LeRoy M. Jahn, AUSA, Asst. U.S. Atty. and Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Sylvano Sanchez (Sanchez) appeals the district court's application of the sentencing guidelines in determining Sanchez's sentence for a firearms violation. We affirm.

## I.

Sanchez pled guilty to a charge of making a false statement in the acquisition of a firearm. The court imposed a 36–month sentence, a three-year term of supervised release, a fine of $1000 and a special assessment of $50.

After Sanchez's arrest on this charge and while he was free on bond he unsuccessfully attempted to purchase a pistol. He then secured the help of another to acquire the firearm. He was also arrested for possession of marijuana and he continued to use a controlled substance, which violated the conditions of his release.

Under the sentencing guidelines, Sanchez had a total offense level of 9 with a criminal history category level of V, resulting in a sentencing range of 18 to 24 months. Based on Sanchez's conduct while on release, the district court departed from the sentencing guidelines and imposed a 36–month sentence. Sanchez lodged a timely appeal from that sentence.

## II.

### A.

Sanchez first contends that, because he surrendered to government agents after

learning of the outstanding warrant for his arrest and he pled guilty, he should have received a two-level reduction in his offense level for acceptance of responsibility. The district court's determination of whether an accused is entitled to a reduction for acceptance of responsibility is subject to the clearly erroneous standard of review. *United States v. Barreto,* 871 F.2d 511, 513 (5th Cir.1989).

■ The district court declined to give the two-level reduction because it determined that Sanchez's conduct while he was on release "mitigate[d] against ... acceptance of responsibility." This determination was not clearly erroneous. "A guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence...." Sentencing Guidelines § 3E1.1 Application Note 3. Also, the *"Background"* explanation to § 3E1.1 suggests that a showing of "sincere remorse" by the accused is the underlying rationale for reducing a sentence. The district court had every reason to conclude that Sanchez's involvement with firearms and controlled substances demonstrated a lack of remorse to justify this reduction. *See United States v. Jordan,* 890 F.2d 968 (7th Cir.1989).

### B.

■ Sanchez also challenges the district court's upward departure from the guidelines for his conduct while on release. This court must sustain the district court's departure from the applicable sentencing guideline range if the departure was reasonable. *United States v. Mejia-Orosco,* 867 F.2d 216, 218–19 (5th Cir.), *clarified on reh'g,* 868 F.2d 807, (5th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989).

■ A court may depart from the guidelines if " 'there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the ... guidelines.' " Sentencing Guidelines § 5K2.0. The sections following § 5K2.0 list specific circumstances where departures are appropriate. Increasing a sentence for conduct after the defendant's

arrest and while he is free on bond, is not specifically covered. However, the enumerated considerations are not intended to be exclusive. Id. The Seventh Circuit has allowed such an upward departure. *See Jordan,* 890 F.2d 968 (upward departure based in part on continued drug involvement by defendant while awaiting sentencing for a drug offense).

■ A district court must provide acceptable reasons for a departure from the guidelines. *United States v. Campbell,* 878 F.2d 164, 165 (5th Cir.1989). The district court explained that it departed from the guidelines because they did not take into account Sanchez's "continuing unlawful behavior" while on release. In particular, the district court cited Sanchez's attempts to purchase a firearm and his continued use of controlled substances. The court also determined that the greater sentence would better enable Sanchez to obtain treatment for his drug addiction which was a likely cause of his illegal behavior. Based on the reasons given by the district court, its decision to depart from the guidelines was not an unreasonable one.

■ Sanchez next argues that even if an upward departure was warranted, the district court's departure was excessive. The degree of departure must be reasonable, 18 U.S.C. § 3742(e)(3); *United States v. Ryan,* 866 F.2d 604, 610 (3d Cir.1989). The 36–month sentence the district court imposed is greater than the guidelines specify if the highest criminal history category had been applied to Sanchez. The Category V criminal history that applied to Sanchez called for a sentencing range of 18 to 24 months. A Category VI criminal history, the highest category in the guidelines, would have resulted in a guideline sentence range of 21 to 27 months.

Making an upward adjustment to account for acts committed while on bond is similar to making an upward adjustment because the criminal history category does not "adequately reflect ... the likelihood that the defendant will commit other crimes" or due to "prior similar adult conduct not resulting in criminal conviction." Guidelines §§ 4A1.3, 4A1.3(e). "In general, the Commission intends sentencing courts to use the next higher criminal histo-

ry category when they find that the applicable category is not adequate," but this is not an absolute requirement. *United States v. Roberson*, 872 F.2d 597, 607 (5th Cir.1989) (citing Guidelines § 4A1.3). Only the most "egregious, serious criminal record" warrants a sentence beyond the Category VI specifications. Guidelines § 4A1.3.

For two reasons we are persuaded that the departure was not unreasonable. First, the district court was entitled to view Sanchez's continued criminal activity while free on bond and awaiting trial on another charge as a particularly egregious form of conduct. It indicates an unwillingness to refrain from criminal conduct that violates bond restrictions and thus threatens immediate incarceration. Furthermore, the illegal activity—attempts to acquire a firearm—was the same type of conduct that precipitated the pending charges. See *United States v. Fisher*, 868 F.2d 128 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 111, 107 L.Ed.2d 73 (1989).

Because we find no error, the district court's sentence is AFFIRMED.