**UNITED STATES of America, Appellee,**

v.

**Amanda Dishner WILLIAMS,**
**Appellant.**

**No. 89–1134.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Jan. 22, 1990.

Susan Felicia Spence, Springfield, Mo., for appellant.

Richard Monroe, Springfield, Mo., for appellee.

Before BOWMAN and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Amanda Dishner Williams appeals from a three-year prison sentence imposed upon her by the District Court [1] after she pleaded guilty to using a communication facility in the commission of a drug offense, a violation of 21 U.S.C. § 843(b) (1982). The maximum statutory penalty for this offense is forty-eight months. Williams complains that the three-year sentence exceeds the sentencing range of the applicable sentencing guideline. We have jurisdiction in this Sentencing Guidelines appeal under 18 U.S.C. § 3742(a)(3)(A) (Supp. V 1987).

After an evidentiary hearing, the District Court found that an upward departure from the Guidelines was justified by Williams's significant involvement in the underlying drug offense, which was the manufacture and distribution of amphetamine, and by the substantial quantity of amphetamine she and her codefendants manufactured and sold. Williams claims this upward departure was not warranted. We affirm.

The base offense level under the Sentencing Guidelines for Williams's conviction is twelve. United States Sentencing Commission, *Guidelines Manual*, § 2D1.6(a) (Nov.1989). After a one-point upward adjustment for criminal livelihood, in order to meet the minimum required by U.S.S.G. § 4B1.3, and a two-point reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), the District Court determined that Williams's total offense level is eleven.

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

Since Williams has no prior criminal convictions, the sentencing table recommends eight to fourteen months of imprisonment. U.S.S.G. Ch. 5, Pt. A. The sole issue in this appeal is whether the trial judge's upward departure from the recommended Guidelines sentence because of Williams's extensive involvement in two separate amphetamine-producing drug labs and her participation in the distribution of the drugs was proper.

In the District Court's written Report of Statement of Reasons for Imposing Sentence, the court found that, in the latter part of 1987, Williams leased property in Arkansas for the purpose of operating a drug laboratory. There were approximately four cooking sessions conducted on this property, each producing four to five pounds of amphetamine. Williams kept house, cooked meals, and ran errands for the individuals working in the lab and was paid for her services with a percentage of the manufactured drugs, a portion of which she distributed. The court found that Williams participated in the weighing and packaging of the amphetamine. The court further found that, after the Arkansas lab closed, Williams purchased property in Missouri in order to operate a second drug lab. There were approximately four cooking sessions at the Missouri property while Williams was present, each producing four to five pounds of amphetamine. Williams again helped to weigh and package the product and was paid for her services with a percentage of the amphetamine. In delineating the circumstances justifying an upward departure, the District Court recognized that Williams was heavily involved in the manufacture and distribution of amphetamine, and that one codefendant received a sentence of fifteen years and another thirteen years.

■ Williams does not challenge any of the factual findings of the District Court as clearly erroneous. Instead, Williams contends that, because the guideline under which she was sentenced does not make the quantity of drugs involved in the underlying offense a factor in determining sentence, her extensive involvement in a large

drug-manufacturing operation is an invalid justification for an upward departure from the guideline sentencing range. We disagree.

A court may depart from the guideline range if the judge finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (1988). The Guidelines make it clear that the sentencing judge has considerable discretion in determining which circumstances to take into account in departing from the Guidelines.

> Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing.... Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing judge....
>
> [A] factor may be listed as a specific offense characteristic under one guideline but not under all guidelines. Simply because it was not listed does not mean that there may not be circumstances when that factor would be relevant to sentencing.

U.S.S.G. § 5K2.0, p.s.

In another case involving a conviction under 21 U.S.C. § 843(b), the Second Circuit held that the sentencing court may consider the quantity of drugs involved in the underlying drug offense as a factor in imposing a sentence in excess of the guideline range. *United States v. Correa-Vargas*, 860 F.2d 35 (2nd Cir.1988). The appellant in *Correa-Vargas* argued, as does Williams, that because section 2D1.6(a) does not require the court to calculate a defendant's sentence based on the quantity of drugs involved in the underlying of-

**438**

fense, the Commission meant to exclude consideration of this factor in sentencing under this provision. In rejecting appellant's argument, the court reasoned that the Commission, by its own policy statement concerning departure, made it clear that it did not intend to list all the circumstances that might warrant departure and that such a decision is properly within the discretion of the district court. *Id.* at 38. We agree with the reasoning and the holding of the Second Circuit.

In the instant case, the District Court considered a number of factors in its decision to depart: Williams's extensive participation in the operation of the drug lab, her sharing in the drugs there produced, her distribution of some of the drugs, and the substantial sentences imposed on Williams's codefendants as a result of the large quantity of drugs involved in the operation. Nowhere in the Guidelines does the Commission reject participation in manufacture and distribution of a large quantity of drugs as appropriate factors for consideration in sentencing telephone count offenders. We feel that it would be illogical and, in fact, would contradict the Guidelines' purpose of "avoiding unwarranted sentencing disparities among defendants ... who have been found guilty of similar criminal conduct," 28 U.S.C. § 991(b)(1)(B) (Supp. V 1987), to rule that a district court may not consider the extent and scope of the defendant's involvement in the underlying drug offense when imposing a sentence pursuant to a violation of 21 U.S.C. § 843(b).

█ As additional support for her argument that an upward departure was inappropriate, Williams claims that she pleaded guilty in anticipation of a sentence within the guideline range. This argument has no merit. When Williams entered her guilty plea, the District Court informed her that she was subject to a statutory maximum sentence of forty-eight months. Following the entry of Williams's guilty plea, a presentence investigation was ordered. The resulting presentence report clearly advised the District Court that an upward departure from the applicable guideline range would be warranted since the charged offense did not adequately reflect the seriousness of Williams's behavior. This report was disclosed to Williams as required by 18 U.S.C. § 3552(d) (1988), and Williams filed her objections to the presentence report with the District Court. At the opening of the sentencing proceeding, the District Court informed Williams that the court intended to consider upward departure from the guideline range and ordered an evidentiary hearing. Although provided with ample opportunity, Williams presented no evidence at the hearing to contradict the information in the presentence report nor did she attempt to withdraw her guilty plea. We therefore reject Williams's attempt in this appeal to use her guilty plea as a weapon for defeating the District Court's upward departure from the guideline range.

█ Williams argues that in any event the three-year sentence is "unreasonable." 18 U.S.C. § 3742(e)(3) (1988). In light of Williams's extensive involvement in the amphetamine operation and the significantly longer sentences her codefendants received, the three-year sentence imposed by the District Court is not unreasonable.

Finding no merit to Williams's challenges, we affirm the sentence imposed by the District Court.