UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin Geraldo PEREZ,
Defendant–Appellant.

No. 89–8054
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1990.

Opinion on Denial of Rehearing
Nov. 26, 1990.

L. Aron Pena (Court-appointed), Pena, McDonald, Prestia & Ornelas, Edinburg, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Gerald C. Carruth, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant Martin Geraldo Perez (Perez) pleaded guilty to use of a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843. The United States Sentencing Guidelines (Guidelines) indicated a ten to sixteen month term of imprisonment. The district court departed from the Guidelines and increased Perez's sentence to thirty-six months in order to accurately reflect the seriousness of Perez's conduct. Perez claims that the district court erred by increasing his sentence over the base range in the Guidelines and by denying him a two point reduction in sentence level for accepting personal responsibility for his offense. We affirm.

*I. Background.*

Perez's brother, Arunlfo Torres Perez (Arunlfo), gave an undercover Drug Enforcement Administration (DEA) agent a list of chemicals and glassware that he needed in order to manufacture a one hundred pound batch of methamphetamine. Arunlfo stated that at least one other person would be helping him. Arunlfo agreed to give the agent $25,000 in cash and eight ounces of methamphetamine in return for the chemicals and glassware. Arunlfo called Perez and obtained his agreement to assist in loading the chemicals and glassware. The district court found that Perez agreed to assist his brother, knowing that such conduct was illegal and that the telephone conversation facilitated the commission of a conspiracy to manufacture and distribute methamphetamine.

Perez accompanied Arunlfo to meet the agent. Arunlfo gave the agent $19,960 in

cash and agreed to pay $5,000 later that day. Arunlfo also gave the agent 224 grams of methamphetamine. DEA agents arrested both brothers as they began to load the chemicals and glassware.

A federal grand jury returned an indictment charging Perez with one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846, and with two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). As part of a plea agreement, Perez pleaded guilty to use of a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b), and the district court dismissed the remaining counts of the indictment.

The district court rated Perez's criminal history category at I and the offense level at 12. The Guidelines indicated a sentence range between ten and sixteen months. The district court declined to grant Perez a two point reduction in his sentencing level, although Perez stated that he was sorry for what he did and was guilty of what he did. Rather, the court upwardly departed from the Guidelines and sentenced Perez to thirty-six months in prison, a one-year term of supervised release, and a $50 special assessment. Perez filed a timely notice of appeal.

### II. Increase in Sentence.

We will not disturb a sentence that falls within the statutory limits, even though an upward departure from the Guidelines, absent a "gross abuse of discretion."[1] *United States v. Murillo*, 902 F.2d 1169 (5th Cir.1990) (quoting *United States v. Juarez–Ortega*, 866 F.2d 747, 748 (5th Cir.1989)). The district court must articulate its reasons for departing from the Guidelines, however, and those reasons must be acceptable and the extent of the departure reasonable. 18 U.S.C. § 3742(e); *United States v. Campbell*, 878 F.2d 164, 165 (5th Cir.1989); *United States v. Velasquez–Mercado*, 872 F.2d 632, 635 (5th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989).

The Guidelines allow the district court to depart from the recommended sentencing range based on an aggravating factor only if the Sentencing Commission failed adequately to take that kind of aggravating factor into account, or the factor was "present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction." U.S.S.G. § 5K2.0, p.s.; *U.S. v. Shaw*, 891 F.2d 528, 530 (5th Cir.1989). In making this determination, the district court considers only the Guidelines, policy statements, and official commentary of the Sentencing Commission. *Id.*

In the instant case, the district court based its departure from the Guidelines on U.S.S.G. § 5K2.9, p.s. That section provides that "[i]f the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct."

Perez contends that the district court abused its discretion when it increased his sentence to reflect the actual seriousness of his conduct. The Sentencing Commission must have considered, he argues, that the defendant was facilitating another offense when it set the guideline for using a communication facility to facilitate a drug felony. We agree. The crime's definition required the Sentencing Commission to take facilitation of another offense into

---

1. Section 213(a) of the Sentencing Reform Act of 1984 provides our standard of review. The Act provides:

(d) Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the range of the applicable sentencing guideline, and is unreasonable, having regard for—

(A) the factor to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous.

consideration. Our finding that the Sentencing Commission must have considered this factor, however, does not conclude our inquiry.

The Guidelines also permit the district court to depart from the recommended sentence if the aggravating factor was "present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction." [2] U.S.S.G. § 5K2.0, p.s. Whether Perez's facilitation of a conspiracy to manufacture one hundred pounds of methamphetamine was substantially in excess of that which ordinarily is involved in use of a communication facility to facilitate a drug felony is a question of fact reviewable under the clearly erroneous standard. After reviewing the evidence, we cannot say that the district court clearly erred in finding that Perez's facilitation of this conspiracy justified an upward departure from the Guidelines.[3]

We will affirm the district court's departure from the guidelines if its articulated reasons for departure were acceptable and if the extent of its departure was reasonable. We have determined that the district court's reasons for departure were acceptable. We must now determine if the extent of that departure was reasonable.

The district court increased Perez's sentence from a maximum of sixteen months under the Guidelines to thirty-six months, an increase of twenty months. While such an increase is substantial, it is well below the statutory maximum term of imprisonment of forty-eight months for using a communication facility to facilitate a drug felony. 21 U.S.C. § 843(b). While the Guidelines circumscribe, they do not eliminate the sentencing court's discretion in imposing sentence. *United States v. Roberson,* 872 F.2d 597, 601 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 175, 107 L.Ed.2d 131. We cannot say that the district court grossly abused its discretion by increasing Perez's sentence to thirty-six months to reflect the actual severity of his conduct.

### III. Refusal to Grant Reduction.

■ Perez also contends that the sentencing court erred by not granting him a two-point reduction in his offense level because he accepted personal responsibility for his criminal conduct as provided by U.S.S.G. § 3E1.1. In pertinent part, U.S.S.G. § 3E1.1 provides:

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

\*　　\*　　\*　　\*　　\*　　\*

**2.** We cannot accept Perez's argument that the Guidelines do not give the district court discretion to adjust the sentence for using a communication facility to facilitate a drug felony regardless of whether the defendant facilitated the sale of a single marijuana cigarette or ten pounds of heroin. Nor have other circuits to consider this question so found. *See, United States v. Bennett,* 900 F.2d 204 (9th Cir.1990) (affirming an upward departure for facilitating the distribution of an "unusually large quantity of cocaine"); *United States v. Williams,* 895 F.2d 435 (8th Cir.1990) (three year sentence for using communications facility to facilitate a drug felony not unreasonable based on defendant's extensive participation in drug lab operation and large quantity of drugs involved); *United States v. Crawford,* 883 F.2d 963 (11th Cir.1989) (the fact that the Sentencing Commission explicitly considered quantity of drugs involved in simple possession offense did not preclude sentencing judge from considering quantity of drugs involved in conspiracy); *United States v. Correa-Vargas,* 860 F.2d 35 (2nd Cir.1988) (district judge could consider large quantity of drugs involved in giving four year sentence for using a communication facility to facilitate a drug felony).

**3.** The district court could have assessed Perez's sentence in accordance with the Guideline range for the amount of drugs shown to have been involved in the conspiracy. In *United States v. Garza,* 884 F.2d 181 (5th Cir.1989), this court upheld the district court's imposition of two consecutive forty-eight month prison sentences for using a telephone to facilitate a conspiracy to possess with intent to distribute 500 pounds of marijuana. In *Garza,* the defendant stipulated that he participated in the conspiracy. The *Garza* court increased the defendant's sentence in reliance on § 1B1.2(a) of the Guidelines, which states that when a guilty plea contains a stipulation of facts "that specifically establishes a more serious offense than the offense of conviction, the court shall apply the guideline in such chapter most applicable to the stipulated offense." *See also,* U.S.S.G. § 1B1.2, commentary; *United States v. Lopez,* 875 F.2d 1124, 1129 (5th Cir.1989). As part of his guilty plea, Perez specifically admitted to participating in the conspiracy to manufacture amphetamines. The district court, therefore, apparently could have employed the *Garza* rationale to increase Perez's sentence. A Guideline range based upon 100 pounds of methamphetamine would have resulted in an offense level of 38, which provides a sentencing range of 235 to 293 months with a criminal history category of one. *See* U.S.S.G. p. 5.2. We do not base our decision on this rationale, however, because the district court did not articulate it as the grounds for its departure from the Guidelines.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

Whether a defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct is a question of fact. "The standard of review under this provision," however, "is more deferential than under the clear error standard because 'the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.'" *Roberson*, 872 F.2d at 610 (quoting Guidelines § 3E1.1, application note 5); *United States v. Edwards*, 911 F.2d 1031, 1034 (5th Cir.1990).

Perez had the burden of establishing to the satisfaction of the district court that he had accepted responsibility for his conduct. *United States v. Mayard*, 891 F.2d 530, 532 (5th Cir.1989). In order to obtain such a finding, Perez needed to demonstrate "sincere remorse" for his conduct. 3E1.1, comment (backg'd); *United States v. Sanchez*, 893 F.2d 679, 681 (5th Cir.1990).

Perez argues that his guilty plea and his statement to the court that "I'm sorry for what I did and I am guilty of what I did," demonstrated his personal acceptance of responsibility for his criminal conduct. We disagree. While a plea of guilty may provide some evidence of a defendant's responsibility, it does not automatically entitle a defendant to the reduction provided by U.S.S.G. § 3E1.1. *Sanchez*, 893 F.2d at 681; *Mayard*, 891 F.2d at 532. *See* U.S.S.G. § 3E1.1, comment (n.3). Nor was the district court's decision that Perez's statement to the court fell short of demonstrating acceptance of personal responsibility without foundation. The court adopted the factual findings of the Presentence Report (PSR) to which Perez did not object. The PSR stated that:

> [Perez's] acknowledgement of the basic factual elements of the offense as contained in the one count Information falls short of clear recognition and affirmative acceptance. The defendant's explanation of his overall offense conduct is that his brother ... called him to help him move some boxes. This explanation leaves out significant facts and includes no remorse for conduct.

The district court was within its discretion in finding that Perez's statement that he was sorry for what he did and was guilty of what he did fell short of clear recognition and affirmative acceptance of the nature and extent of his involvement in the drug conspiracy. Perez had the burden of establishing that he accepted responsibility for his conduct. We cannot say that the district court's finding that he failed to meet that burden was wholly without foundation.

### IV. Conclusion.

Based on the forgoing reasons, the district court's judgment of sentence is

AFFIRMED.

## On Petition for Rehearing

### Nov. 26, 1990.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

In our earlier opinion, we adequately discussed appellant's contention that the district court grossly abused its discretion both by upwardly departing from the United States Sentencing Commission Guidelines, and by denying appellant's request for a two-point reduction in his sentencing level for acceptance of responsibility. Appellant also contends that we erred by stating that he did not object to the Presentence Report (PSR). We did not so state.

We indicated that a passage from the PSR supported the district court's determination that appellant was not entitled to a two-point reduction in his sentence for acceptance of responsibility. We did not point out that appellant objected to that portion of the PSR. The district court was entitled to rely on that portion of the PSR, however, despite appellant's objection, because the district court resolved the specific issue of fact to which appellant objected. *See United States v. Rodriguez*, 897 F.2d 1324, 1327 (5th Cir.1990) (if defendant objects to PSR's findings with specificity and clarity, the district court must resolve the "specifically disputed issues of fact if it intends to use those facts as the basis for its sentence.") The specifically disputed issue of fact was whether appellant accepted responsibility for his conduct. The district court determined that he did not. As noted in our earlier opinion, the district court did not grossly abuse its discretion by so finding.

It is ORDERED that appellant's motion for leave to file his petition for rehearing out of time is GRANTED. Appellant's petition for rehearing is DENIED.