IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-40363
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NOE SALINAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-357-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Noe Salinas was convicted of possessing with intent to distribute more than 100 kilograms of marijuana. Salinas's sole argument here is that the district court erred in denying him a reduction for acceptance of responsibility. We AFFIRM.

Salinas's conviction was under 21 U.S.C. § 841. The sentencing issue concerns his eligibility for the adjustment under the Guidelines for acceptance of responsibility. See U.S.S.G. § 3E1.1(a). The issue is somewhat unusual in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he argues his cooperation with authorities was hindered by his attorney's conflict of interest. Specifically, Salinas says he was not allowed to plead guilty and cooperate fully due to his trial attorney's friendship with two men, referred to in the record as the Lopez brothers. The attorney previously had represented at least one of the Lopez brothers. The conflict of interest allegedly arose because Salinas says it was the Lopez brothers who hired him to be a drug courier. Salinas argues that his trial counsel did not want Salinas to plead guilty and give the police information regarding either Lopez.

By the time of the sentencing hearing, the issue of a conflict of interest had arisen. Salinas's trial counsel withdrew. The district judge heard testimony on whether a possible conflict impacted any adjustment in Salinas's sentence for acceptance of responsibility. There was testimony from an agent of the Drug Enforcement Administration that he met with Salinas two weeks after the conviction, at a time when the attorney was no longer representing the defendant. The meeting was requested by Salinas, who said he wanted to cooperate in order to get a sentence reduction. The agent testified that he did not find Salinas to be fully truthful, and that the interview with him was "frustrating." Based on disputed evidence, the court found that Salinas had been less than fully cooperative and did not deserve the adjustment.

We review these facts against the requirements of the Sentencing Guidelines. A sentencing court may decrease a defendant's offense level when "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "This adjustment is not intended to apply to a defendant who puts the Government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Id. § 3E1.1, cmt n.2. The defendant has the burden of demonstrating that he is entitled to a reduction under Section 3E1.1. United States v. Perez, 915 F.2d 947, 950 (5th Cir. 1990).

The district court's interpretation and application of the Guidelines are reviewed de novo, and its factual findings are reviewed for clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). A factual finding is not clearly erroneous unless it is implausible when the record is considered as a whole. Id. A district court's finding that a defendant has not accepted responsibility is examined "under a standard of review even more deferential than a pure clearly erroneous standard." United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999) (internal quotation marks and citation omitted). A decision not to award a downward adjustment under Section 3E1.1 will be affirmed unless it is without foundation. United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002).

Salinas did not admit his guilt and inform the government of participation by other individuals until after he put the government to its burden of proof at trial. The argument that his attorney's conflict of interest kept him from cooperating in this way before trial would not explain why he still was not cooperative after trial, by which time his counsel had withdrawn due to questions about the possible conflict. The record supports the district court's finding that Salinas did not provide entirely truthful information to the government even after his conviction. The court was aware of the claims of a conflict of interest and found Salinas's cooperation to be insufficient.

The district court's decision to deny Salinas an adjustment under Section 3E1.1 is plausible in light of the record as a whole and is not without foundation. See Cisneros-Gutierrez, 517 F.3d at 764; Solis, 299 F.3d at 458.

The judgment of the district court is AFFIRMED.