**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10850
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SPECK ARON ROSS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-24-ALL

Before DAVIS, BARKSDALE, and PRADO, Circuit Judge.

PER CURIAM:[*]

Speck Aron Ross appeals his sentence following his guilty plea conviction for possession with intent to distribute more than five grams of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Ross argues that the district court's determination of the amount of methamphetamine attributable to him was clearly erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the district court mischaracterized statements made by one of Ross's customers. He further argues that the district court clearly erred when it denied him an acceptance of responsibility reduction.

A district court's calculation of the quantity of drugs involved in an offense is a factual finding that is entitled to considerable deference and will be reversed only if clearly erroneous. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

The district court should consider a defendant's relevant conduct when determining his base offense level under the Guidelines. U.S.S.G. § 1B1.3(a)(1). When an amount of drugs seized "does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." § 2D1.1, comment. (n. 12). When calculating the total drug amounts attributable to a defendant through his course of conduct, direct evidence is unnecessary. *Betancourt*, 422 F.3d at 246-47. Drug estimates may be calculated based on extrapolating from "any information that has sufficient indicia of reliability to support its probable accuracy . . . even hearsay." *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted). A presentence report (PSR) generally bears sufficient indicia of reliability to be considered at sentencing. *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). The defendant bears the burden of demonstrating by competent rebuttal evidence that the information in the PSR relied on by the district court is materially untrue. *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995).

According to the PSR, a customer of Ross told investigators in a videotaped interview taken in June 2007 that, from the summer of 2005 through November 2006, she purchased from Ross four ounces of methamphetamine twice a week for "[p]robably a month," six to eight ounces twice a week for "a couple of months[,] [m]aybe a little more," and one to two pounds per week for the next nine to 12 months. At sentencing, Ross offered the testimony and reports of a

private investigator who interviewed the customer and Ross, among others, in July 2008. The private investigator testified that the customer told him that her dealings with Ross lasted from November 2005 through November 2006; she purchased from Ross quarter pounds of methamphetamine in the beginning and later moved to one-pound purchases; and she dealt with Ross once per week, with occasional breaks. The private investigator further testified that, according to Ross, his dealings with that customer occurred twice per month from March 2006 though August 2006, and he only dealt in quarter pounds of methamphetamine. The district court acknowledged the inconsistencies, found the customer's statements from her interview with investigators to be "more reliable," and held Ross responsible for a conservative amount of methamphetamine based on the customer's earlier statements, as set forth in the PSR.

A witness's inconsistent statements do not lack a sufficient indicia of reliability per se, although inconsistent statements do raise a credibility question. *See United States v. Ramirez*, 963 F.2d 693, 708 (5th Cir. 1992). However, it is within the province of the district court to determine the credibility of witnesses. *See United States v. Ocana*, 204 F.3d 585, 593 (5th Cir. 2000).

Ross did not sustain his burden of showing that the evidence the district court relied on was materially untrue. The district court's factual findings regarding drug quantity were plausible in light of the record as a whole. Thus, the district court did not clearly err in calculating the drug quantity for which Ross was held accountable. *See Betancourt*, 422 F.3d at 246

Ross also argues that the district court erred when it denied him an acceptance of responsibility reduction pursuant to § 3E1.1(a). The defendant bears the burden of demonstrating that he is entitled to a reduction under § 3E1.1. *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990). This court "will affirm a sentencing court's decision not to award a reduction under

U.S.S.G. § 3E1.1 unless it is without foundation." *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted).

The district court denied Ross an acceptance of responsibility reduction because Ross denied relevant conduct and minimized his role in the offense. In particular, the sentencing transcript reflects that the district court believed that Ross directed his girlfriend to assist him in distributing methamphetamine and collecting proceeds therefrom. Ross has consistently denied this finding and the finding as to drug quantity. Although Ross is not required to affirmatively admit relevant conduct, Ross denied relevant conduct that the district court found to be true. *See* § 3E1.1, comment. (n.1(a)) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."); *United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003). Thus, the record provides a sufficient foundation for the district court's denial of an acceptance of responsibility reduction.

Accordingly, the judgment of the district court is AFFIRMED.