**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-41150
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD KEITH TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-16-ALL

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Richard Keith Taylor pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 235 months of imprisonment. Taylor challenges the district court's denial of a reduction in his base offense level pursuant to U.S.S.G. § 3E1.1. He argues that the district court should not have withheld the two-level adjustment for acceptance of responsibility on the grounds that he waited until the morning of trial to enter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilty plea. Further, he argues that he truthfully admitted the conduct comprising the offense early in the proceedings and that he did not enter a guilty plea earlier because he lacked an "understanding of the process," lacked "communication with counsel representing him through the time of his plea," and lacked a "clear understanding of the 'armed career' provisions and how they created a minimum fifteen (15) year sentence for his offense."

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We review the district court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008), *petition for cert. filed* (Mar. 16, 2009) (No. 08-9339).

Whether a defendant clearly demonstrates an acceptance of responsibility is a question of fact. *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990). A finding that a defendant has not accepted responsibility is examined under a standard of review even more deferential than a pure clearly erroneous standard. *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005); *see also* § 3E1.1, comment. (n.5). This court "will affirm a sentencing court's decision not to award a reduction under [§ 3E1.1] unless it is without foundation." *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted).

This court has routinely upheld the denial of a reduction for acceptance of responsibility when a defendant waits until the eve of trial to enter a guilty plea. *See United States v. Diaz*, 39 F.3d 568, 570 (5th Cir. 1994); *United States v. Wilder*, 15 F.3d 1292, 1299 (5th Cir. 1994). The record indicates that Taylor rejected two plea offers by the Government during the course of the proceedings and instead waited until the morning of trial to enter a guilty plea. Further, the district court determined that Taylor's attitude at the sentencing hearing did not

reflect responsibility or contrition for his actions. The district court's denial of the downward adjustment for acceptance of responsibility was not without foundation. *See Solis*, 299 F.3d at 458. Taylor has not shown that the district court clearly erred in denying a reduction for acceptance of responsibility. *See Armstrong*, 550 F.3d at 404.

AFFIRMED.