# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2025

Lyle W. Cayce
Clerk

———————

No. 23-50553

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Tomas Loza-Lopez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CR-150-1

———————————————————————

Before Elrod, *Chief Judge*, Engelhardt, *Circuit Judge*, and Guidry, *District Judge*.[*]

Per Curiam:[**]

Thomas Loza-Lopez pleaded guilty to illegal reentry into the United States. Lopez did not have a plea agreement. The Presentence Investigation Report, which the district court adopted without objection by Lopez, stated

———————————

[*]United States District Judge for the Eastern District of Louisiana, sitting by designation.

[**]This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that Lopez had not "clearly demonstrated acceptance of responsibility . . .." During his allocution, Lopez stated that he was "sorry for being back here illegally without permission . . . that's all." Lopez now argues that the district court erred by not reducing his offense level by 3-levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We disagree.

"If the defendant *clearly demonstrates* acceptance of responsibility for his offense," the sentencing judge may decrease the defendant's "offense level by 2 levels." U.S.S.G. § 3E1.1(a) (emphasis added). Because the sentencing judge is uniquely positioned to '"evaluate a defendant's acceptance of responsibility, . . . the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."' *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990) (quoting *United States v. Roberson*, 872 F.2d 597, 610 (5th Cir. 1989)). *See* U.S.S.G. § 3E1.1, cmt. n.5.

"[T]he burden of establishing to the satisfaction of the district court that he h[as] accepted responsibility for his conduct" is on the defendant. *Perez*, 915 F.2d at 950. *See also United States v. Sanchez*, 893 F.2d 679, 681 (5th Cir. 1990) (explaining that a defendant showing "sincere remorse" for his conduct may satisfy his burden). Lopez argues that by notifying the "court of his intention to enter a guilty plea . . . only five weeks after his indictment was filed" he demonstrated acceptance of responsibility. But a guilty plea provides only '"some evidence' of the defendant's acceptance of responsibility." *United States v. Mayard*, 891 F.2d 530, 532 (5th Cir. 1989) (citing U.S.S.G. § 3E1.1, cmt. n.3). "A defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right." U.S.S.G. § 3E1.1, cmt. n.3. *See also United States v. Hinojosa-Almance*, 977 F.3d 407, 410 (5th Cir. 2020) (recognizing that a defendant is not entitled to a downward adjustment by virtue of pleading guilty).

The record reflects that the sentencing judge properly considered Lopez's statement and the arguments of his counsel and the government before determining that a sentence at the *bottom* of the guideline range was appropriate. Therefore, Lopez's argument that he was not given a "current opportunity to receive credit for acceptance of responsibility" is unpersuasive. We simply cannot say that the district court's finding that Lopez failed to meet his burden is without foundation. *See Perez*, 915 F.2d at 950.

To the extent that Lopez seeks to appeal his sentence on the grounds of ineffective assistance of counsel, we have held that we consider such claims on direct appeal only in '"rare cases."' *United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007) (quoting *United States v. Partida*, 385 F.3d 546, 568 (5th Cir. 2004)). This is not one of those rare cases. *See United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987) ("We have undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim."). Thus, we decline to address the merits of any such ineffective assistance of counsel claim.

Because we find no error, Lopez's sentence is AFFIRMED.