**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Saul Enrique CUELLAR–FLORES,**
**Defendant–Appellant.**

**No. 89–1496**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1989.

Richard O. Gonzales (court-appointed), Uvalde, Tex., for defendant-appellant.

LeRoy M. Jahn, Michael R. Hardy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., for plaintiff-appellee.

Before GEE, DAVIS and JONES, Circuit Judges.

GEE, Circuit Judge:

Cuellar–Flores was indicted on four counts of aiding and abetting the unlawful transportation of illegal aliens in violation of 8 U.S.C. section 1324(a)(1)(B) and 18 U.S.C. section 2. He pleaded guilty to one count in exchange for dismissal of the remaining counts. After determining that the offense was motivated by profit, the district court sentenced Cuellar–Flores to seven months imprisonment. He appeals, contending that the district court erred when it determined that his offense was committed for profit. He argues that his offense was not profit motivated and, that

being so, that his offense level should have been decreased by three levels under sentencing guideline section 2L1.1(b)(1). We affirm.

### Discussion

 The commentary to sentencing guideline section 6A1.3 provides:

In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. 18 U.S.C. section 3661. Any information may be considered, so long as it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Marshall,* 519 F.Supp. 751 (D.C. Wis.1981), *aff'd,* 719 F.2d 887 (7th Cir. 1983); *United States v. Fatico,* 579 F.2d 707 (2d Cir.1978).

Cuellar–Flores argues that the district court relied on uncorroborated hearsay testimony at the sentencing hearing and that because such testimony was unreliable his sentence should be vacated. We disagree. The testimony presented by the government and relied on by the district court was that of Louis Marquez, a probation officer, who had spoken with the investigating case agent about the case. Thus, Mr. Marquez received his information from a law-enforcement officer. In addition, Mr. Marquez is himself an officer who is well known to the court and who had no motive to distort or misrepresent the facts. The testimony of Mr. Marquez was sufficiently reliable that the district court did not abuse its discretion in considering it.

Further, that Mr. Marquez's testimony was hearsay and uncorroborated does not aid Cuellar–Flores's argument. The Federal Rules of Evidence regarding hearsay do not apply to sentencing proceedings. Fed. R.Evid. 1101(d)(3). And, the commentary to guideline section 6A1.3 specifically permits consideration of testimony at sentencing hearings that would not be admissible at trial. Corroboration was not necessary to make Mr. Marquez's testimony reliable. The district court's finding that Cuellar–Flores's offense was profit motivated was not clearly erroneous.

 Cuellar–Flores next contends that the district court erred when it placed the burden of proof on him to show the lack of any profit motive. This was not error. As to mitigating or sentence-reducing factors, the defendant bears the burden of proof. *See United States v. White,* 869 F.2d 822, 826 (5th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989); *United States v. Gordon,* 876 F.2d 1121, 1127 (5th Cir.1989); *United States v. Velasquez–Mercado,* 872 F.2d 632, 636–37 (5th Cir.1989); *United States v. Roberson,* 872 F.2d 597, 610 (5th Cir.1989).

The judgment of the district court, is therefore,

AFFIRMED.