**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-9043

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DOUGLAS CRAIG GOLDEN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(March 17, 1994)

Before GOLDBERG, DAVIS and DeMOSS, Circuit Judges

DeMOSS, Circuit Judge:

Appellant Douglas Golden ("Golden") was involved in an extensive marijuana distribution conspiracy that stretched from Texas to Tennessee, Indiana, and Michigan. The conspiracy was headed by Golden's brother, Donald. Golden was ultimately arrested and charged for his role in the enterprise.

Golden pleaded guilty to conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 846. Golden's offense level was calculated to be 32, based on an amount of marijuana over 1,000 kilograms. U.S.S.G. § 2D1.1(3). Golden was given a criminal history category of 3, thus making his sentence

range 151 to 188 months. U.S.S.G., ch. 5, part A.   The court sentenced Golden to 170 months in prison.   Golden appeals his sentence, raising two issues.

## The Court's Denial of an Offense Level Reduction

Golden first argues that the district court erred in denying him a reduction in offense level based on his acceptance of responsibility.   The district court heard evidence from Officer Niketta Pratt, who testified that after Golden had pleaded guilty and was out on bond awaiting sentencing, Golden arranged a meeting between a prospective buyer and seller of marijuana in Michigan. Golden was subsequently arrested in Michigan for possession of 20 pounds of marijuana.   On the strength of this evidence, the district court denied Golden an offense level reduction.

Golden points out that Pratt had no personal knowledge of his alleged involvement in the Michigan transaction and that her knowledge of the transaction was based solely on information received by a confidential informant.   While recognizing that the district court may properly rely on hearsay evidence when making sentencing determinations, United States v. Billingsley, 978 F.2d 861, 866 (5th Cir. 1992), Golden nevertheless argues that it was error for the court to rely on hearsay evidence presented by "an interested adverse witness . . . [without any] independent corroboration of her testimony."

A district court may rely on uncorroborated hearsay testimony in making factual findings as long as the hearsay evidence carries sufficient indica of reliability. U.S. v. Cuellar-Flores, 891 F.2d

2

92, 93 (5th Cir. 1989). This court has previously concluded that information provided by an "interested adverse witness" was sufficiently reliable. See U.S. v. Manthei, 913 F.2d 1130, 1138 (5th Cir. 1990); Cuellar-Flores, 891 F.2d at 93. We conclude that Officer Pratt's testimony carried sufficient indicia of reliability to support the district court's denial of Golden's requested reduction. Golden's first point of error is denied.

### The Court's Foreseeability Finding

Golden's Presentence Investigation Report ("PSR") alleged that Golden was responsible for the total amount of marijuana distributed by the conspiracy: approximately 6,105 pounds (2,769.23 kilograms). Golden objected to this amount, arguing that he had only limited involvement with his brother's organization and that during those periods when he was involved, he was accountable for a substantially lesser amount of marijuana. The probation department filed an addendum to Golden's PSR, alleging that the 6,105 pounds of marijuana was reasonably foreseeable to Golden and thus, chargeable to him under U.S.S.G. § 1B1.3.[1] Golden again objected, arguing that he did not reasonably foresee the full extent of his brother's marijuana dealings.

On November 20, 1992, the district court held an evidentiary hearing to address Golden's objections. Officer Pratt testified at the hearing and provided details concerning the scope of the

---

[1]"[I]n the case of a jointly undertaken criminal activity (. . . whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken activity" are considered by the district court in sentencing the defendant. U.S.S.G. § 1B1.3(a)(1)(B).

3

conspiracy in general, as well as Golden's extensive and significant participation therein. Officer Pratt testified that the total amount of marijuana involved in the entire conspiracy was approximately 6,105 pounds, or 2,796 kilograms. She testified that Golden played a "multifaceted" role in the conspiracy as a "pick up" man, a "load driver," a warehouser, and a seller.[2] She testified that Golden was actively involved throughout the entire period of the conspiracy, i.e., from 1987 to January 1992, with some periods being more active than others. Finally, she testified that during those periods in which he was more active, Golden "would have been aware, or familiar or could have foreseen that other marijuana was being sold and transported and stored throughout this conspiracy." (Trans. of Sent. Hearing, p. 31, emphasis added). At the conclusion of the hearing, the district court overruled Golden's objection, specifically stating that it "credit[ed] the testimony of Agent Pratt."

While no longer challenging the factual basis for his sentence, Golden contends that the district court violated Federal Rule of Criminal Procedure 32(c)(3)(D)(i) by failing to articulate a specific finding that the amount of marijuana alleged in his PSR

---

[2]As a "pick up" man, Golden was responsible for receiving loads of marijuana that were transported from the Texas-Mexico border to the Dallas area on the back of semi-trailers. Golden received 15 such loads at approximately 200 pounds each. As a warehouser, Golden warehoused as much as 5000 pounds of marijuana at his residences over a one month period. As a "load driver," Golden drove three to five loads of marijuana from the Dallas area to Indiana and Michigan, each load weighing between 75 and 100 pounds. No details were provided as to his role as a seller.

4

was reasonably foreseeable.[3]  We disagree.  The district court specifically "credit[ed]" the testimony of Officer Pratt.  We hold that by so doing, the court adopted Pratt's conclusion regarding Golden's ability to foresee the transportation, storage and sale of marijuana of the entire conspiracy.  We hold further that the court's adoption of this conclusion is tantamount to it finding that Golden could reasonably foresee that 6,105 pounds of marijuana would be distributed by the conspiracy. See United States v. Sherbak, 950 F.2d 1095, 1099 (5th Cir. 1992) (holding that court's adoption of facts set forth in PSR satisfied Rule 32(c)(3)(D)).  Moreover, we hold that the court's specific rejection of Golden's objection to amount of marijuana charged in the PSR satisfies Rule 32. United States v. Sparks, 2 F.3d 574, 588 (5th Cir. 1993) ("[b]y rejecting [defendant's] allegation that the quantity of drugs for which the PSR held him responsible was not reasonably foreseeable to him, the district court found that this quantity was reasonably foreseeable to [defendant]"), cert. denied, 114 S. Ct. 899 (1994).

Golden's second point of error is denied, and we therefore AFFIRM his sentence.

---

[3]Rule 32 provides in relevant part: "If the comments of the defendant . . . allege any factual inaccuracy in the presentence investigation report . . ., the court shall, as to each matter controverted, make (i) a finding as to the allegation." Fed. R. Crim. P. 32(c)(3)(D).

Golden does not challenge that he was involved in "jointly undertaken criminal activity" or that the conspiracy's total distribution of marijuana was "reasonably foreseeable" to him. See U.S.S.G. §1B1.3(a)(1)(B).  Rather, his only complaint is that the district court failed to comply with Rule 32(c)(3)(D).