IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20332
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NEREIDA RIVERA-AGUIRRE,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-180-2
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Nereida Rivera-Aguirre ("Rivera") challenges the sentence imposed following her guilty-plea conviction for harboring and aiding and abetting the harboring of illegal aliens, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. She argues that the district court made the following sentencing errors: 1) failing to award a three-level reduction, pursuant to U.S.S.G. § 2L1.1(b)(1), because the offense was committed other than for profit; 2) imposing a six-level enhancement for harboring more

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than 25 but less than 99 aliens, pursuant to the 1997 version of § 2L1.1(b)(2)(B), because the application of the amended version in her case violates the Ex Post Facto Clause; and 3) failing to grant her motion for a downward departure from the applicable guidelines range.

Rivera has failed to show that the district court erred in finding that the offense was committed for profit and has failed to carry her burden of showing that she lacked a profit motive; her § 2L1.1(b)(1) argument is therefore without merit.  See § 2L1.1, comment. (n.1); United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989).  The imposition of the six-level increase, pursuant to the 1997 version of § 2L1.1(b)(2)(B), did not violate the Ex Post Facto Clause.  See United States v. Fields, 72 F.3d 1200, 1216 & n.6 (5th Cir. 1996); § 2L1.1, comment. (historical note).  Rivera's implied argument that the district court should have employed the 1995 version of the guidelines in part and the 1997 version in part is also unpersuasive.  See § 1B1.11(b)(2).

This court lacks jurisdiction to consider Rivera's contention that the district court erred in failing to grant her motion for a downward departure.  See United States v. Brace, 145 F.3d 247, 263 (5th Cir.)(en banc), cert. denied, 119 S. Ct. 426 (1998).  Accordingly, the district court's judgment is

AFFIRMED.