IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                        _____

                              No. 99-20600
                           Conference Calendar
                        _____


UNITED STATES OF AMERICA,

                                               Plaintiff-Appellee,

versus

LEONARD LONGORIA,

                                               Defendant-Appellant.

                        --------------------
                 Appeal from the United States District Court
                      for the Southern District of Texas
                          USDC No. H-98-CR-389-6
                        --------------------
                            June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Leonard Longoria appeals the sentence imposed by the
district court following his guilty-plea conviction for
conspiracy to transport and harbor undocumented aliens.  We
review the district court's application of the Sentencing
Guidelines de novo, and we review the court's factual findings
for clear error.  United States v. Edwards, 65 F.3d 430, 432 (5th
Cir. 1995).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Longoria argues that the district court clearly erred by denying him a sentence adjustment based on his assertion that the offense was committed "other than for profit." See U.S.S.G. § 2L1.1(b). As the defendant seeking the sentencing reduction, Longoria bore the burden to show the lack of any profit motive. See United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989). Further, the district court was not required to credit Longoria's self-serving assertion that he did not receive a payment over the information contained in the presentence report (PSR). See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995). Longoria's first assertion of error is thus without merit.

Longoria also argues that the district court erred by denying him a sentence reduction because he was a minor participant in the offense, and by failing to make specific fact-findings in denying the reduction. The facts contained in the PSR had an adequate evidentiary basis and Longoria failed to present evidence rebutting those facts. Accordingly, the district court was free to adopt the findings of the PSR without further inquiry. See Brown, 54 F.3d at 242. Because those findings indicate that Longoria was not substantially less culpable than the other participants, he was not entitled to the reduction pursuant to § 3B1.2(b). Id. at 241.

Longoria's assertion that he should have received a sentence reduction based on his acceptance of responsibility likewise is without merit. Even assuming that Longoria did not intend to deny the conduct comprising the offense of conviction, he falsely

and frivolously denied having received a payment from the undercover agent.  The district court therefore did not err in denying the reduction.  <u>See</u> <u>United States v. Patino-Cardenas</u>, 85 F.3d 1133, 1135 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.