IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41458
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ARMANDO CANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-243-1
_____
October 31, 2001

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus Armando Cano appeals his conviction for transporting aliens within the

United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) & (a)(1)(A)(v)(II).

Cano contends that (1) the evidence in his case was insufficient to support his

conviction, (2) the district court erred by failing to reduce his base offense level by

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three levels because he did not profit from transporting aliens, and (3) his conviction violates Apprendi v. New Jersey.[1]

The standard of review of the sufficiency of evidence to support a conviction is whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt.[2] The evidence presented at Cano's trial was sufficient to establish that he participated in transporting illegal aliens.

Cano has failed to establish that the district court erred in finding that the offense was committed for profit, and he has failed to carry his burden of showing that he lacked a profit motive.[3]

Finally, Cano maintains that his sentence violates Apprendi. Apprendi is inapplicable in Cano's case.[4]

AFFIRMED.

---

[1] 530 U.S. 466 (2000).

[2] United States v. Ortega Reyna, 148 F.3d 540 (5th Cir. 1998).

[3] United States v. Cuellar-Flores, 891 F.2d 92 (5th Cir. 1989).

[4] United States v. Doggett, 230 F.3d 160 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001); United States v. Keith, 230 F.3d 784 (5th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001).