IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50081
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAMMY DEAN FOSTER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(W-01-CR-115-1)
--------------------
June 14, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Sammy Dean Foster appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine. Foster argues that the district court relied on inaccurate, confusing, and unreliable evidence at sentencing to determine the drug quantities for which he should be held accountable. We apply the clearly erroneous standard when reviewing a district court's factual findings of the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quantity of drugs implicated by the crime.  <u>United States v. Davis</u>, 76 F.3d 82, 84 (5th Cir. 1996).

By finding the government's evidence credible and reliable, the district court implicitly adopted the officer's testimony and the government's recommendation that Foster be held responsible for at least 1.5 but not more than 5 kilograms of methamphetamine under United States Sentencing Guidelines § 2D1.1(3).  <u>See</u> <u>United States v. Golden</u>, 17 F.3d 735, 737 (5th Cir. 1994).  At sentencing, Foster did not rebut the officer's testimony that supported this finding.  <u>See</u> <u>United States v. Clark</u>, 139 F.3d 485, 490 (5th Cir. 1998).  Even though the officer's testimony was somewhat imprecise, the court's reliance on it is not precluded because, for sentencing purposes, the court could consider estimates of drug quantities.  <u>See</u> <u>United States v. Alford</u>, 142 F.3d 825, 832 (5th Cir. 1998).

Foster has shown neither clear error nor legal error.  His sentence is , therefore,

AFFIRMED.