IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21040
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS CAMPOS-ROLON, also known as Carlos Campos,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-661-3
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Carlos Campos-Rolon (Campos) appeals his sentence following his guilty-plea conviction for aiding and abetting the transporting and moving of illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2.  Campos argues that the district court erred in denying him a three-level reduction pursuant to U.S.S.G.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.1(b)(1) because the Government failed to prove that he personally profited from his involvement in the offense.

Campos' argument that he is entitled to a U.S.S.G. § 2L1.1(b)(1) reduction appears to be based on a prior version of that guideline. See United States v. Krcic, 186 F.3d 178, 181-82 & n.4 (2nd Cir. 1999)(interpreting 1996 version of U.S.S.G. § 2L1.1(b)(1) which provided for a reduction "[i]f the defendant committed the offense other than for profit"). In 1997, the language was changed to provide that the reduction applied if "the offense was committed other than for profit." U.S.S.G., App. C, amend. 561 (emphasis added).

The information contained in the presentence report clearly demonstrated that Campos aided and abetted co-defendant, Enrique Garces-Carmona, in a profit-making alien-smuggling operation and that Campos jointly undertook that operation. See U.S.S.G. §§ 1B1.1, comment. (n.1) (defining "offense"); 1B1.3 (defining "relevant conduct"). Campos has failed to show that the district court's finding that the offense was profit motivated was clearly erroneous and has failed to satisfy his burden of proving his entitlement to a U.S.S.G. § 2L1.1(b)(1) reduction. United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989). Accordingly, the district court's judgment is AFFIRMED.