**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20742
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE VICTOR CISNEROS-CASTILLO, also known as Jose Victor
Cisneros, also known as Jose V. Cisneros,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-153-1)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Defendant-Appellant Jose Victor Cisneros-Castillo ("Cisneros")
appeals his sentence for illegal re-entry into the United States in
violation of 8 U.S.C. § 1326(a) and (b)(2).  Cisneros argues that
the district court clearly erred in failing to make appropriate
findings of perjury to support an obstruction of justice
enhancement in accordance with United States v. Dunnigan, 507 U.S.
87 (1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not make a separate finding on each element of perjury, but such punctiliousness is not required. United States v. Como, 53 F.3d 87, 89 (5th Cir. 1995). By overruling Cisneros's objections to the PSR, the district court found that he had committed perjury. See United States v. Golden, 17 F.3d 735, 737 (5th Cir. 1994); United States v. Reese, 998 F.2d 1275, 1285 (5th Cir. 1993). There is no evidence in INS or State Department records that Cisneros ever applied for or received permission from the Attorney General to re-enter the United States or that he applied for or was issued an immigrant visa. If Cisneros had applied for an immigrant visa in June 1997, his application would not even have been processed by the INS at the time of his trial, much less granted.

The district court's finding that Cisneros had committed perjury is entirely plausible, see United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999), and the court's enhancement of Cisneros's sentence for obstruction of justice was not clearly erroneous. See United States v. Edwards, 303 F.3d 606, 645-46 (5th Cir. 2002), cert. denied, 71 U.S.L.W. 3430 (Feb. 24, 2003). AFFIRMED.