United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50331
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MICHAEL WAYNE SILER,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-254-11
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Siler appeals his sentence following his guilty-plea conviction for conspiracy to manufacture methamphetamine.  Siler challenges two sentencing enhancements for creating a substantial risk of harm to the life of a minor and possession of a firearm.

Although the guidelines are advisory following United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 756-57 (2005), this court continues to review factual findings with respect to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of adjustments for clear error.  United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  If a factual finding is plausible in light of the record as a whole, there is no clear error.  United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

Section 2D1.1(b)(5)(C) of the United States Sentencing Guidelines provides that if an offense involved the manufacture of methamphetamine and "created a substantial risk of harm to the life of a minor or an incompetent," the offense level shall be increased by six levels.  At sentencing, Agent Chuck Borgeson testified that Jennifer Yount admitted that her children were present when her home caught fire during a methamphetamine "cook."  Agent Borgeson also interviewed several other individuals who had been present during this fire; they all confirmed that Siler had been there as well.  In addition, Ronald Kennedy stated that this particular methamphetamine "cook" belonged to himself and Siler and that it was Siler who had started the fire.  Based on this evidence, we conclude that the district court did not clearly err in imposing this enhancement. See United States v. Golden, 17 F.3d 735, 736 (5th Cir. 1994) ("district court may rely on uncorroborated hearsay testimony in making factual findings at sentencing as long as the hearsay evidence carries a sufficient indicia of reliability").

Section 2D1.1(b)(1) of the Guidelines provides that a defendant's offense level is to be increased by two levels "[i]f

a dangerous weapon (including a firearm) was possessed." The district court found that the enhancement was proper because Siler and Rodney Kennedy had jointly possessed a firearm. However, the evidence presented at sentencing does not support a finding of joint possession. Agent Borgeson testified that Rodney Kennedy had told him that the firearm discovered in the vehicle belonged to Siler; Agent Borgeson also testified that other individuals told him that Siler "always" possessed a firearm and that they could not recall Kennedy ever possessing a firearm. Because the evidence does not support a finding of joint possession, we conclude that the district court clearly erred in imposing the firearm enhancement on the basis of joint possession. The removal of this two-level enhancement does not alter the sentencing range recommended by the Guidelines, which was 360 months to life imprisonment. The statutory maximum sentence for Siler's offense was 240 months, and accordingly, a 240-month sentence was imposed. Therefore, the inclusion of the firearm enhancement in calculating the Guidelines range was harmless error. See FED. R. CRIM. P. 52(a).

AFFIRMED.