IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-40243
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID LESLIE ROSE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-685-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Leslie Rose appeals the sentence imposed following his guilty plea
to possession of child pornography. He argues that (1) the district court violated
his Fifth Amendment privilege in imposing an above-guideline sentence and,
alternatively, (2) the sentence was unreasonable. We affirm.

Rose argues that the district court violated his right against self-
incrimination when it adversely inferred from his silence that he had committed
the allegations of sexual abuse contained in the Presentence Report (PSR) to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

upwardly depart from the advisory guideline range. Rose did not preserve this constitutional issue for review, and, therefore, we review for plain error only. See United States v. Martinez, 496 F.3d 387, 389 (5th Cir.), cert. denied, 2007 WL 3265472 (U.S. Dec. 3, 2007) (No. 07-7436). When Rose invoked his Fifth Amendment privilege, the district court construed his silence as a refusal to controvert the allegations, thereby entitling the court to rely on them as a basis for an upward departure. See FED. R. CRIM. P. 32(i)(3)(A); United States v. Romero-Rendon, 220 F.3d 1159, 1163 n.4 (9th Cir. 2000). Rose has shown no Fifth Amendment error on the part of the district court, plain or otherwise.

Rose alternatively argues that his non-guideline sentence was unreasonable because the hearsay allegations of sexual abuse contained in the PSR lacked sufficient indicia of reliability, but were nevertheless given significant weight, and the sentence did not account for a factor that should have received significant weight, i.e. his acceptance of responsibility for the offense. The reliability of Rose's ex-wife's hearsay allegations was bolstered by his daughter's corroborative statement that her aunts had been sexually abused by Rose and, additionally, by information that Rose's post-divorce contact with his daughters was restricted. The hearsay evidence, which Rose failed to rebut, carried sufficient indicia of reliability such that the district court was entitled to adopt that information without further inquiry. See United States v. Ramirez, 367 F.3d 274, 277 (5th Cir. 2004); United States v. Golden, 17 F.3d 735, 736 (5th Cir. 1994). Rose's argument that his acceptance of responsibility precluded the district court from upwardly departing to the statutory maximum is unpersuasive. He has therefore not shown the sentence to be unreasonable. See United States v. Smith, 440 F.3d 704, 706, 708 (5th Cir. 2006).

AFFIRMED.