# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-40914
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

PHILIP MYRON COMPTON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-469-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Philip Myron Compton was charged by indictment with aiding and abetting in the transportation of unlawful aliens for the purpose of commercial advantage or private financial gain by means of a motor vehicle. At rearraignment, Compton admitted transporting the aliens, but he did not agree with the part of the Government's offered factual basis that he had done so for financial gain. The court accepted the plea after stating that Compton would argue the "for gain" issue at the time of sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Despite the refusal to admit guilt on the financial gain element, the judgment in the case found that Compton was guilty of transporting undocumented aliens "for private financial gain," in violation of 8 U.S.C. § 1324(a)(1)(B)(i) (bringing in/harboring aliens for private financial gain) and 18 U.S.C. § 2 (aiding/abetting). If a financial motive was required for conviction of Section 1324(a)(1)(B)(i), there never was any admission by the Defendant of that element. However, the Defendant, the Government, and the district judge were all willing to let the issue of profit motive be reserved for sentencing.

At sentencing, the district court questioned Compton in order to determine whether he was entitled to a three-level reduction for not having a profit motive. See U.S.S.G. § 2L1.1(b)(1). The court considered Compton's explanation, contrasted it with the presentence report regarding what the immigration agents were told at the time of arrest by the aliens who were being transported, and found Compton's denial of any financial motive not to be credible. Mixed with the discussion at the sentencing hearing on the profit motive was that refusal to admit to each element of the offense – which as charged included the profit motive – could adversely affect Compton's sentence because he might be found not to have accepted responsibility for his actions.

On appeal, Compton argues that the district court committed procedural error by improperly calculating his guidelines range when it refused to adjust his sentence based on the offense's being committed "other than for profit." See id. § 2L1.1(b). He claims that he acted for purely humanitarian reasons when he transported the aliens through a border checkpoint.

At the outset, we note that the substantive statute of conviction, 18 U.S.C. § 1324(a)(1)(A), describes different physical ways in which an individual may have been criminally involved with transporting and harboring aliens. None of the subsections of that part of the statute refers either to a profit motive or to a sentence maximum. It is only in Section 1324(a)(1)(B) that motives and sentences are injected. Because Compton never pled guilty to having a financial

motive, evidence later introduced only at the sentencing hearing and inferences arising from that evidence could not fill in the missing factual component for the crime of conviction. We conclude that Compton was actually convicted under a section that does not require financial gain as an element, Section 1324(a)(1)(B)(ii). The immediately preceding statutory subsection, which requires a "purpose of commercial advantage or private financial gain," was the one shown on the judgment of conviction. That was error. As we analyze below, that error does not require reversal but only a correction in the judgment.

Compton has never raised an objection to being convicted under Section 1324(a)(1)(B)(i). Both below and here, the argument has been that he introduced sufficient evidence at the sentencing hearing to justify the reduction for not having a profit motive. The statutory subsection that does not require a profit motive provides for a five-year statutory maximum. 8 U.S.C. § 1324(a)(1)(B)(ii). Compton's sentence was less than that, so there is no concern that, because he did not admit to a profit motive, the factual issue had to be decided by a jury. See Apprendi v. New Jersey, 530 U.S. 466 (2000).

In the Sentencing Guidelines setting of a base offense level for this crime, profit motive has no relevance. U.S.S.G. § 2L1.1(a). Regardless of financial gain, Compton's base offense level was 12. That level, even after adjustments made due to specific offense characteristics, leads to a sentence well below the statutory maximum of five years for committing the crime without any motive of financial gain. Had Compton pled guilty to the element of the substantive crime of having the motive of financial gain, presumably the effort to get a three-level decrease for not having such a motive would be all but foreclosed based on his admissions. Nonetheless, were a district judge willing to accept a defendant's explanation that, despite his plea there never was a profit motive, that would be a matter for the court's discretion.

We interpret what occurred as a plea of guilt to the transportation of aliens without regard to whether there was a profit motive. In Section 1324,

"there are two offenses - (1) transporting and (2) transporting for financial gain - and the former is a lesser included offense of the latter." United States v. Williams, 449 F.3d 635, 646 (5th Cir. 2006). Everyone at the plea hearing was in agreement that the profit motive would be addressed only as a sentencing issue. The judgment should have reflected that the offense for which guilt was admitted and found did not include a profit motive.

When later seeking the sentence reduction, Compton bore the burden to show the lack of a profit motive. See United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989). A district court's determination that the credible evidence did not support the absence of a desire for financial gain is a factual finding subject to reversal only if clearly erroneous. Id. The Government was not required to show that the cash Compton possessed when arrested was from an illegal source or required to present other facts demonstrating that Compton had acted for profit. See id. Because the burden on the sentencing issue of not having a profit motive was Compton's, the court was not required to accept Compton's explanations "made with the purpose of reducing his sentence, about the circumstances of his crime." United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). We have examined the plea hearing, the evidence introduced, and the inferences explicitly made by the district judge from that evidence, and we find no clear error in the fact finding.

Compton's other contention, that it was procedural error to deny him a sentence reduction based on his acceptance of responsibility, also is without merit. Compton was required to prove his entitlement to any such reduction. See United States v. Perez, 915 F.2d 947, 950 (5th Cir. 1990). We review a district court's finding on acceptance of responsibility "under a standard of review even more deferential than a pure clearly erroneous standard." Id. (internal quotation marks omitted). Just as Compton cannot prevail on the profit-motivation issue, he cannot succeed in his challenge to the acceptance-of-responsibility ruling, which is entitled to even greater deference.

We AFFIRM the conviction and sentence.  For the reasons already stated, we REMAND to the district court with instructions to correct the judgment to reflect that Compton only pled guilty to, and was only convicted of, a violation of 8 U.S.C. § 1324(a)(1)(B)(ii), and that the reference to "for private gain" be deleted from both counts shown in the judgment.