# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2010

Lyle W. Cayce
Clerk

No. 09-40949
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RICARDO PEREZ-TORRES,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:09-CR-21-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ricardo Perez-Torres appeals the sentence imposed following his jury conviction on three counts of transporting illegal aliens within the United States by means of a motor vehicle in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii). He contends that the district court plainly erred by not reducing his offense level pursuant to U.S.S.G. § 2L1.1(b)(1) because the evidence at trial and the facts in the presentence report were insufficient to support a finding that the offenses were committed for profit. Because Perez-Torres did not object to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lack of a § 2L1.1(b)(1) reduction in the district court, we review for plain error. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005).

The Government was not required to show, either at trial or at sentencing, that the alien transportation offenses were committed for profit. *See United States v. Cuellar-Flores*, 891 F.2d 92, 93 (5th Cir. 1989).. Rather, in order to qualify for the § 2L1.1(b)(1) reduction, Perez-Torres bore the burden of showing that the offenses were committed other than for profit. *See id*.

The record shows that the aliens made arrangements with unknown individuals to be smuggled into the United States and taken to Houston, Texas, in exchange for $1,200 or $ 1,300. After crossing into the United States, a guide led the aliens to a Valero gas station in Alice, Texas. The aliens were told to wait at the station and that someone would pick them up. Approximately 15 to 20 minutes later, Perez-Torres arrived at the Valero station and told the aliens to get into his vehicle. The aliens expected to pay the smuggling fee following their arrival in Houston. Nothing about these facts or any other evidence presented at trial supports an inference that Perez-Torres transported the aliens for any reason other than profit. Further, although there was no direct evidence that Perez-Torres was paid or was going to be paid for transporting the aliens to Houston, there was circumstantial evidence that he knowingly participated in an alien smuggling operation in which other members either received or expected to receive money. Thus, a finding that the alien transportation offenses were committed for profit is plausible in light of the record read as a whole and not clearly erroneous. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Moreover, whether Perez-Torres transported the aliens for profit is a factual question that could have been resolved by the district court had Perez-Torres raised the proper objection. *See Cuellar-Flores*, 891 F.2d at 93. Because Perez-Torres failed to object to the presentence report on this basis, he has not demonstrated that the district court plainly erred by not reducing his

offense level pursuant to § 2L1.1(b)(1).  *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).  Accordingly, the district court's judgment is AFFIRMED.