# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10638
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RALPH MARCELINO CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-57

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ralph Marcelino Castro appeals the 92-month sentence received following his guilty plea conviction for possession with intent to distribute methamphetamine. We review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first examine whether the district court committed any significant procedural error, including "failing to calculate (or improperly calculating) the Guidelines range." *Id.* at 51. If the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision is procedurally sound, we may then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

In this appeal, Castro addresses only the procedural unreasonableness of the sentence.  He contends that the district erred in determining the base offense level for sentencing purposes; specifically, Castro argues that the district court improperly considered other methamphetamine transactions as relevant conduct and that the district court was not entitled to rely on the presentence report (PSR) to determine the existence or applicability of these other offenses.  In addition, Castro maintains that the Government failed to establish the applicability of the importation enhancement of U.S.S.G. § 2D1.1(b)(5), as the Government did not show that he possessed imported methamphetamine or that he knew that the drug was imported.  He asserts that the district court erred by failing to make specific factual findings in response to his objection to the § 2D1.1(b)(5) enhancement.

Castro's assertion that the district court could not increase his sentence on the basis of relevant conduct because he was not convicted of a conspiracy is incorrect.  *See* U.S.S.G. § 1B1.3(a)(1)(A), (B).  Moreover, the district court determined relevant conduct based on the quantities of methamphetamine with which Castro was directly involved, rather than considering any jointly undertaken criminal activity.  Although Castro maintains that the district court could not use the extraneous quantities of methamphetamine as relevant conduct because it was "associated with a sentence imposed prior to" the acts comprising the instant federal offense, *see* § 1B1.3, comment. (n.8) (2014 edition), Castro was placed in a substance abuse program based on his use of methamphetamine and marijuana; because the probation officer did not consider Castro's personal use quantities as relevant conduct, no violation of

the commentary occurred. Finally, Castro has not shown that the methamphetamine purchases considered as relevant conduct were not sufficiently similar or regular or that the time interval between offenses was too great to consider them. *See United States v. Robins*, 978 F.2d 881, 890 (5th Cir. 1993). Although Castro objected to the relevant conduct determinations in the PSR and the Addenda, the district court was entitled to rely on the PSR in the absence of rebuttal evidence. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Castro has not established that the district court clearly erred in considering his other drug purchases as relevant conduct. *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009).

Similarly, Castro has not established that the district court clearly erred in determining the relevant drug quantities. *See United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998). Although Castro challenged the validity of the evidence showing that he purchased a substantial quantity of methamphetamine from William Huffman, the Government's evidence at sentencing supported the PSR Addenda and carried sufficient indicia of reliability to support the sentencing determination. *See United States v. Golden*, 17 F.3d 735, 736 (5th Cir. 1994).

The importation enhancement of § 2D1.1(b)(5) applies "regardless of whether the defendant had knowledge of that importation." *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012). The information included in the PSR Addenda, together with the evidence at the sentencing hearing, established by a preponderance of the evidence that the enhancement applied. *See id.* at 553; *see also Alaniz,* 726 F.3d at 619 (permitting reliance on the PSR in the absence of rebuttal evidence). Although the district court did not make explicit factual findings with respect to Castro's objections to this enhancement, we do not require "that a court must make a 'catechismic

regurgitation of each fact determined'" and instead permit the district court to make implicit findings through adoption of the PSR. *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994) (citation omitted). Because Castro has not established that the district court erred in its procedural determination of the applicable guidelines range, the judgment of the district court is AFFIRMED. *See Gall*, 552 U.S. at 51.