# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABRAN GARCIA-PEGUERO, true name Abraham Garcia-Peguero,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-809-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Abran Garcia-Peguero pleaded guilty, without the benefit of a plea agreement, to illegal reentry. The presentence report (PSR) recommended an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based on a finding that in August 2014, Garcia-Peguero was deported after he had been convicted in 2012 of possessing ammunition as an illegal alien. The PSR explained that a deportation warrant was issued for Garcia-Peguero in 2014 and that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warrant- showed that he was deported, though it did not reveal the date he left the country.  The warrant was not entered into the record in the district court.  Garcia-Peguero objected to this enhancement, but the district court overruled the objection.  He received a 30-month prison sentence to be followed by three years of supervised release.  We granted the Government's motion to supplement the record on appeal with, among other things, some of Garcia-Peguero's immigration records, including the 2014 deportation warrant.

Pressing his challenge to the sentencing enhancement, Garcia-Peguero argues that the finding that he was deported after his 2012 conviction lacked an adequate evidentiary basis.  He urges that we should not consider documents that the district court did not evaluate and asserts that because the immigration records do not reflect the precise date of his deportation, they were unreliable and thus could not support a finding that he was deported after the 2012 conviction.

Under § 2L1.2(b)(1)(C), a defendant is subject to an eight-level enhancement if he "previously was deported, or unlawfully remained in the United States," after a conviction for an aggravated felony.  The commentary to the Guideline instructs that a defendant "shall be considered to be deported after the conviction if the defendant has been removed or has departed the United States while an order of exclusion, deportation, or removal was outstanding."  § 2L1.2, comment. (n.1(A)(i)).  Because we granted the Government's motion to supplement the record on appeal with some of Garcia-Peguero's immigration records, we may review them to determine whether the enhancement was proper even if the district court did not examine them.  *See United States v. Vargas-Soto,* 700 F.3d 180, 183 (5th Cir. 2012).

The probation officer explained in the PSR, in the addendum to the PSR, and at sentencing that, according to immigration records, Garcia-Peguero was

ordered removed in August 2014 and ultimately was deported. A review of the deportation warrant reveals that it was signed by an immigration officer and issued on August 4, 2014, and that, at some point after the warrant was issued, Garcia-Peguero was deported. Garcia-Peguero signed the warrant, and his photograph and fingerprint were taken. A special agent attested that he witnessed Garcia-Peguero's departure, and a second agent verified the departure. The warrant confirms that the information provided by the probation officer had "an adequate evidentiary basis with sufficient indicia of reliability" such that the district court was permitted to rely on it for purposes of sentencing. *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *see United States v. Manthei*, 913 F.2d 1130, 1138 (5th Cir. 1990) (determining that information in the PSR derived from Drug Enforcement Administration "investigative records" had sufficient indicia of reliability); *United States v. Cuellar-Flores,* 891 F.2d 92 (5th Cir. 1989) (explaining that the testimony of a probation officer who had received information from investigatory case agents and law enforcement officers had sufficient indicia of reliability). Accordingly, the district court's decision to overrule Garcia-Peguero's objection and apply the enhancement and its implicit determination that Garcia-Peguero was deported after his 2012 conviction were not clearly erroneous. *See United States v. Simpson*, 741 F.3d 539, 556 (5th Cir. 2014); *United States v. Odom*, 694 F.3d 544, 547-48 (5th Cir. 2012).

AFFIRMED.