**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10647
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHINEDU LEONARD MOMAH

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-189-2

Before JONES, Chief Judge and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Chinedu Leonard Momah appeals the 235-month sentence imposed following his guilty plea to possession of a controlled substance with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B). On appeal, Momah argues that the district court clearly erred in calculating the drug quantity for which he was held accountable. Momah contends that he should only be accountable for the amount of drugs in his possession at the time he was arrested for the instant offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court should consider a defendant's relevant conduct when determining his base offense level under the Guidelines. U.S.S.G. § 1B1.3(a)(1). When an amount of drugs seized "does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 cmt. n. 12. When approximating the amount of drugs involved, the district court may consider any evidence which has "sufficient indicia of reliability." U.S.S.G. § 6A1.3, comment.; *United States v. Manthei*, 913 F.2d 1130, 1138 (5th Cir.1990). "[A] presentence report generally bears sufficient indicia of reliability" to be considered at sentencing. *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998) (internal quotation marks and citation omitted); U.S.S.G. § 6A1.3. The defendant bears the burden of demonstrating by competent rebuttal evidence that the information relied on by the district court is materially untrue. *Id.*

The district court's determination of the quantity of drugs for sentencing purposes is a factual finding that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir.2005). A factual finding is not clearly erroneous so long as it is plausible in light of the record as a whole. *Id.*

When determining the drug quantity for which Momah was accountable, the district court adopted the findings of the Presentence Report (PSR) and the Addenda to the PSR, which included findings that Momah should be accountable for the equivalent of 13,389.6 kilograms of marijuana. This amount included the quantity of drugs Momah possessed at the time of his arrest plus a cash conversion.

Momah did not sustain his burden of showing that the evidence the district court relied on was materially untrue. The district court's factual findings regarding drug quantity were plausible in light of the record as a whole. Thus, the district court did not clearly err in calculating the drug quantity for which Momah was held accountable.

Momah also argues that the district court erred when it denied him a two-level acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1(a). The defendant bears the burden of demonstrating that he is entitled to a reduction under § 3E1.1. *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990). This court "will affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is without foundation." *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted).

The district court denied Momah an acceptance of responsibility reduction because Momah denied relevant conduct. In particular, the sentencing transcript reflects that the district court believed that Momah was involved in more than just this one instance of transporting illegal drugs. Momah has consistently denied this finding and the finding as to drug quantity. Although Momah is not required to affirmatively admit relevant conduct, Momah denied relevant conduct that the district court found to be true. *See* § 3E1.1, comment. (n.1(a)) (A "defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."); *United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003). Thus, the record provides a sufficient foundation for the district court's denial of an acceptance of responsibility reduction.

Momah argues that the district court erred when it failed to grant him a two-level reduction pursuant to U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2(a)(5) based on its finding that Momah did not truthfully provide the Government with all the information and evidence he had concerning his offense and other related drug offenses. Where, as here, a defendant has not objected to error in the district court, plain error review applies. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008). If the appellant makes such a showing, this

court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As previously stated, the district court did not err in finding that Momah had not provided complete and truthful information regarding his involvement with the transportation of illegal drugs. Therefore, the district court did not plainly err in failing to apply § 2D1.1(b)(11)'s two point reduction.

Momah further asserts that counsel was ineffective for failing to object to the district court's failure to grant a two point reduction pursuant to § 2D1.1. We decline to address this claim of ineffective assistance on direct appeal without prejudice to Momah's right to bring it in a 28 U.S.C. § 2255 proceeding. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Lastly, Momah asserts that his sentence is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

The district court articulated reasons for imposing a sentence within the applicable guideline range. Statements at Momah's sentencing hearing indicate that the district court determined the 235-month sentence was necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment and deterrence from further crime. Momah has not shown that his sentence is unreasonable.

Accordingly, the judgment of the district court is AFFIRMED.