# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 10-50711

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDWARD ANDREW HARRISON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-128-1

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edward Andrew Harrison ("Harrison") appeals the 71-month sentence he received following his guilty-plea conviction for possessing with the intent to distribute more than five grams of cocaine base. Because we find that the district court's cash-to-drugs conversion was wholly supported by the record, and because we find no error in his sentencing, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50711

**FACTS**

On April 22, 2010, Harrison pleaded guilty to possessing with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Austin Police Department ("APD") had become aware that Harrison was possibly involved in criminal activity in early February 2010 through a tip from a confidential informant that Harrison was dealing cocaine base out of his residence. Surveillance teams observed Harrison engage in multiple drug transactions. Detectives also completed a controlled purchase, buying 0.80 grams of cocaine base from Harrison. On February 18, 2010, an entry team searched the house that Harrison inhabited pursuant to a "No Knock Clause" warrant. Harrison was apprehended, and detectives found $1,146 in cash, primarily in $20 bills, in his jacket pockets and in the front pockets of his pants. Harrison informed detectives that the money was his life savings and gifts from various people, and admitted that he did not work. Inside the house was approximately 2.4 grams of cocaine base in a battery powered four wheeler; approximately 9.06 grams of cocaine base and approximately 2.8 grams of marijuana on the kitchen table; and approximately 9.36 grams of powder cocaine in a kitchen cabinet.

In the presentence report ("PSR") the probation officer determined that the $1,146 seized from Harrison constituted the proceeds of illegal drug sales.[1] The probation officer relied on a case agent's statement that a rock of cocaine base (0.2 grams) generally sold for $20 to conclude that the seized currency was the equivalent of 11.46 grams of cocaine base.[2] This sum in addition to the cocaine

---

[1] The PSR noted that the state court had issued an Original Notice of Seizure and Intended Forfeiture order wherein an APD detective asserted that all of the money seized from Harrison was the proceeds of illegal drug sales.

[2] When an amount of drugs seized "does not reflect the scale of the offense, the [sentencing] court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 cmt. n. 12.

2

base found in Harrison's apartment totaled 21.32 grams of cocaine base.[3] Pursuant to U.S.S.G. § 2D1.1, Harrison's base offense level was 26, and pursuant to § 3E1.1, it was reduced by three levels due to his acceptance of responsibility. Harrison's total offense level was 23, and his criminal history score was IV, subjecting him to a guidelines range of 70 to 87 months of imprisonment.

Harrison objected to the PSR's drug quantity calculation on the grounds that (1) some of the drugs could have belonged to the other people who had been at his residence during the execution of the search warrant, (2) the cash-to-drugs conversion rate was incorrect, and (3) it was not reasonable to convert all of the money to cocaine base because powder cocaine was also found at the residence and there was no indication of cocaine base being manufactured. Harrison also asked the court to "consider a variance on the basis of the crack/powder sentencing disparity." The probation officer recommended that the objection be overruled. At the sentencing hearing, Harrison challenged the drug quantity calculation based on the recently discovered fact that the State had agreed to return to him $400 of the cash seized at the time of his arrest, as evidenced by a proposed but unsigned and unfiled consent judgment.[4] The district court overruled Harrison's objection, finding that the government had proved by a preponderance of the evidence in the record that the money seized was proceeds from sale of cocaine base. The district court considered the 18 U.S.C. § 3553(a) factors and concluded that a within-guidelines sentence properly addressed them. In fact, considering the § 3553(a) factors, the district court stated that it would have imposed the same sentence even if it had

---

[3] The PSR offense level calculation did not include the 9.36 grams of powder cocaine or 2.8 grams of marijuana seized from the apartment.

[4] At the sentencing hearing, defense counsel represented that the assistant district attorney had agreed to the judgment, though she had not signed it.

No. 10-50711

sustained Harrison's objections.  It sentenced Harrison to 71 months of imprisonment, followed by a four-year term of supervised release.  Harrison now appeals the sentence.

### DETERMINATION OF AMOUNT OF COCAINE BASE

On appeal Harrison argues that the district court clearly erred by including in its cash-to-drugs conversion for sentencing purposes the $400 the State allegedly agreed to return to him.

The quantity of drugs the district court attributes to the defendant to establish the base offense level is a factual determination that this court reviews for clear error.  *See United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997).  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole."  *United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998).  The district court need only determine the quantity of drugs attributable to a defendant by "a preponderance of the relevant and sufficiently reliable evidence."  *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005) (internal quotation marks and citation omitted).  Extrapolation of the quantity of drugs is permissible from "any information that has sufficient indicia of reliability to support its probable accuracy."  *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citations omitted).  A PSR is generally considered sufficiently reliable to support a drug quantity determination.  *See Betancourt,* 422 F.3d at 246.  "The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue."  *Alford*, 142 F.3d at 832 (internal quotation marks and citations omitted).

The district court's determination that the facts in Harrison's PSR provided sufficient proof that all of the money seized from Harrison at the time of his arrest constituted illegal drug proceeds was not clearly erroneous.  The record as a whole amply supports the district court's determination that the

$400 was illegal drug proceeds. The PSR states that Harrison's criminal history included drug convictions for possessing/selling crack cocaine; that he was a known cocaine base dealer; that while under surveillance he engaged in numerous drug transactions, including a controlled purchase by undercover detectives; that the money was predominantly in $20 denominations, $20 being indicative of a sale of a single rock of cocaine base; that the search of Harrison's residence uncovered more evidence of his drug dealing; and that Harrison admitted at the time of his arrest that he was unemployed. The district court was free to discredit Harrison's self-serving statement to the officer at the time of his arrest that the money found on him was savings and gifts from friends. It was reasonable for the district court to conclude that the unemployed Harrison's sole source of revenue came from the sale of illegal drugs.

The rebuttal evidence presented by Harrison–the proposed consent judgment ordering the State's return of $400 of the seized money–does not undermine the facts in the PSR showing that all of the seized cash was illegal drug proceeds. Assuming *arguendo* that the consent judgment will be entered, it does not provide evidence of the rationale for the return of the $400 and is devoid of any findings regarding the nature of the $400.[5] It was thus not clearly erroneous for the district court to find that this unsigned proposed judgment fell short of meeting Harrison's burden of showing that the information in the PSR relied on by the district court was materially untrue. The district court's finding that the $400 represented illegal drug proceeds is supported by the record as a

---

[5] At the sentencing hearing, the district court observed that the proposed consent judgment provided "no guidance from the state court as to whether the $400 was being returned because it was determined that it was not the proceeds of drug activity." Moreover, at the sentencing hearing, Harrison did not argue that the state court's judgment had any dispositive significance. Indeed, Harrison's counsel acknowledged that the state court civil forfeiture proceeding did not control the federal district court's independent determination of whether the cash represented drug proceeds, instead urging that "it has been of some persuasive merit to the probation office in past cases."

whole and was thus not clearly erroneous. *See Betancourt*, 422 F.3d at 246 (affirming cash-to-drugs conversion based on extrapolation from frequency and amounts of illegal drug delivery to one customer); *United States v. Momah*, 330 Fed. App'x 470, 472 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 525 (2009) (affirming cash-to-drugs conversion because "district court's factual findings regarding drug quantity were plausible in light of the record as a whole").

### SUBSTANTIVE REASONABLENESS OF SENTENCE

Harrison additionally contends that the within-guidelines sentence imposed was unreasonable because it was greater than necessary to satisfy the § 3553(a) factors. Specifically, Harrison urges that the district court failed to give proper consideration to the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment, as per § 3553(a)(2)(A), or to the need for the sentence to reflect Harrison's personal history and characteristics, as per § 3553(a)(1).

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Generally, this court reviews a post-*Booker* sentence for reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because Harrison is not entitled to relief even if his sentence is reviewed under the abuse of discretion standard, we need not address whether plain error review might apply.[6] *See United States v. Rodriguez*, 523 F.3d 519, 525, 526 n.1 (5th Cir. 2008) (declining to determine standard of review). "When the district court imposes a sentence within a properly calculated guidelines range and gives

---

[6] Although Harrison raised his argument that the PSR-recommended sentence over-penalized his cocaine base offense at the sentencing hearing, he did not object to the sentence after the district court imposed it, and does not argue that we should review for abuse of discretion.

proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, [this court] will give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).

The record shows that the district court made an individualized sentencing decision based on the facts of the case and in light of the factors listed in § 3553(a). *See Gall*, 552 U.S. at 49-50. Harrison has not shown that the district court improperly accounted for any factor or that its balancing of these factors "represents a clear error of judgment." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

Harrison urges that by ignoring the fact that his guideline sentence would have been less severe had his offense involved powder cocaine instead of cocaine base, the district court failed to give proper consideration to the need for the sentence to reflect the seriousness of the offense, as required by § 3553(a)(2)(A). *See Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007) (holding district court may disagree, as a matter of policy, with the crack/powder sentencing ratio in the guidelines). But, post-*Kimbrough,* this court has held that it will continue to apply the appellate presumption of reasonableness to within-guidelines sentences, even when the particular guideline referenced lacks an empirical basis. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 378 (2009) (courts are not required to conduct "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines"). Moreover, the district court specifically stated that it had considered the crack/powder sentencing disparity in selecting Harrison's sentence.

No. 10-50711

Harrison additionally asserts that the district court failed to consider letters which were submitted to the district court, as well as the fact that he was deeply affected by his brother's death as a teenager, as required by § 3553(a)(1). But, the district court specifically stated that it had considered the testimony and letters concerning his personal character and circumstances. Harrison has thus failed to rebut the presumption of reasonableness that this court applies to his sentence. *See Campos-Maldonado*, 531 F.3d at 338.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.